IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MCLAUGHLIN CHIROPRACTIC )
ASSOCIATES, INC., a Tennessee )
corporation, individually and as the )
representative of a class of similarly-situated )
persons, )
 )
        Plaintiff, )
 )
v. ) No. 3:13-CV-011
 )
MCKESSON CORPORATION and )
JOHN DOES 1-10, )
 )
        Defendants. )

## MEMORANDUM OPINION

This case is before the court on "Defendant McKesson's Motion to Dismiss, Stay or Transfer to the Northern District of Ohio, Eastern Division" [doc. 5]. Defendant bases its motion on the first-to-file rule, which provides "that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001) (citation and quotation omitted). Plaintiff has responded in opposition to the motion [doc. 18], and defendant has submitted a reply. For the reasons that follow, the motion will be granted and this case will be transferred to the United States District Court for the Northern District of Ohio at Cleveland.

I.

*Background*

Plaintiff, a medical business, filed suit in this court on January 7, 2013. The complaint before this court alleges that defendant violated the Junk Fax Prevention Act ("JFPA"), 47 U.S.C. § 227, by transmitting three unsolicited advertisements to plaintiff's fax machine. Those transmissions are before the court as Exhibit A to plaintiff's complaint. In addition to requesting injunctive and monetary relief for itself, plaintiff seeks to represent the following class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) did not display a proper opt-out notice.

Less than four months prior to the filing of the instant complaint, Civil Action 1:12-cv-2289, *Whiteamire Clinic, P.A. v. McKesson Corporation and John Does 1-10*, was filed in the United States District Court for the Northern District of Ohio. Like the plaintiff before this court, Whiteamire is also a medical business, and the *Whiteamire* complaint was filed by two of the three lawyers who also filed the complaint now before this court.

As in the instant case, the *Whiteamire* complaint alleges that the defendant violated the JFPA by transmitting an unsolicited advertisement to Whiteamire's fax machine. That transmission is before the Ohio court as an exhibit to the *Whiteamire* complaint and is

2

nearly identical to one of the exhibits to the complaint in this court. The original complaint filed in *Whiteamire* sought to represent exactly the same class (but for a four-month difference in the filing date) as is sought by the plaintiff in this court.

Whiteamire amended its class action complaint on December 18, 2012. On February 5, 2013, the Ohio court granted Whiteamire leave to file a second amended complaint. Upon the filing of that pleading, the *Whiteamire* case is no longer a class action. Instead, Whiteamire now seeks injunctive and monetary relief only for itself. Nonetheless, as with the first two *Whiteamire* complaints and the complaint pending in this case, the *Whiteamire* litigation remains based on the accusation that defendant violated the JFPA by transmitting an advertisement to the plaintiff's fax machine, without prior permission, without an established business relationship between the parties, and without complying with the statutory opt-out notice requirements. The same allegedly offending transmission (virtually identical to one of the faxes before this court) is attached to the *Whiteamire* second amended complaint.

Now pending in the Ohio case is a motion to dismiss. Therein, the parties are litigating, *inter alia*, the meaning of "established business relationship" under the JFPA and whether the fax at issue is an "advertisement" under that act.

II.

*Analysis*

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001) (citation and quotation omitted). The similarities between the instant complaint and the initial *Whiteamire* complaint are both apparent and abundant. However, plaintiff argues that because *Whiteamire* is no longer a putative class action, "judicial efficiency would not be served by transfer of the instant case. Any subsequent determination of the merits of the Whiteamire [sic] case will have no bearing on whether the instant action should be certified as a class action or on the issue of class-wide damages if the action is certified." [Doc. 18, p.3]. This court disagrees.

The first-to-file rule is a doctrine of judicial efficiency. *Fuller v. Abercrombie & Fitch Stores*, 370 F. Supp. 2d 686, 687 (E.D. Tenn. 2005). Courts are to consider three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Id.* "Importantly, the parties and issues need not be identical." *Id.* "Rather, the crucial inquiry is whether the parties and issues substantially overlap." *Id.*

The chronology of the present actions weighs in favor of transfer. The *Whiteamire* case was filed first. As for the remaining factors, there remains a substantial overlap of parties and issues in these two cases even though *Whiteamire* no longer purports to be a class action.

4

Both cases involve the same defendant sending essentially the same fax transmissions to medical service providers. Among the issues to be determined in the present case are: whether defendant's faxes are "advertisements" under the JFPA; the meaning of prior permission and "existing business relationship" under the JFPA; and the applicability of the statutory opt-out notice requirement. Those very same issues are already before the Ohio court in *Whiteamire*.

Because of that substantial overlap of parties and issues, this court concludes that the present case should be transferred to the court where the first case was filed. To do otherwise would risk the possibility of inconsistent results and would be a waste of this nation's limited judicial resources.

III.

*Conclusion*

For the reasons provided herein, defendant's motion will be granted and this case will be transferred to the Northern District of Ohio at Cleveland. An order consistent with this opinion will be entered.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

5